An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-284

Filed 5 August 2026

Durham County, No. 24CV010025-310

DISCOVER BANK, Plaintiff,

v.

IBRAHIM MUSTAFAA, Defendant.

Appeal by Defendant from order entered 19 November 2025 by Judge Kendra Montgomery-Blinn in Durham County District Court. Heard in the Court of Appeals 14 July 2026.

> *Brock & Scott, PLLC, by K. Saanval Amin, for Plaintiff-Appellee.*
>
> *Ibrahim Mustafaa, pro se Defendant-Appellant.*

PER CURIAM.

Ibrahim Mustafaa ("Defendant") appeals from the trial court's order denying Defendant's motion to amend his answer to add counterclaims under the North Carolina Debt Collection Act ("NCDCA"). On appeal, Defendant argues that the trial court abused its discretion in denying his motion because he was unaware additional counterclaims existed until after Discover Bank ("Discover") disclosed his updated

cardmember agreement. After careful review, we affirm.

## I. Factual & Procedural Background

This appeal arises from a credit card debt collection action filed by Discover against Defendant on 7 November 2024. On 23 December 2024, Defendant answered Discover's complaint and filed counterclaims alleging violations of the Fair Debt Collection Practices Act and North Carolina's Unfair and Deceptive Trade Practices Act. In his original counterclaims, Defendant alleged that Discover attempted to collect interest or fees that it was not entitled to under the cardmember agreement. Defendant also asserted counterclaims against Discover for failure to attach the cardmember agreement to its complaint. Discover filed a motion to dismiss Defendant's counterclaims for failure to state a claim, which the trial court granted on 8 July 2025.

On 5 September 2025, Discover provided Defendant with a copy of his updated cardmember agreement. On 26 September 2025, Defendant sought leave to amend his answer to raise new counterclaims under the NCDCA, alleging that Discover attempted to collect interest or fees that it was not entitled to under the cardmember agreement.

The trial court heard and denied Defendant's motion on 3 November 2025, stating in relevant part: "This case is over a year old . . . and it's just being drug out . . . . It does look like there is not anything new to explore . . . . Your case needs to get heard. There's nothing new that you couldn't have filed at the original time of

the file." Defendant timely appealed and attempted to file a petition for writ of certiorari ("PWC").[1]

## II.     Jurisdiction

As an initial matter, we consider whether we have jurisdiction to review this appeal. Defendant concedes that the order from which he appeals is interlocutory and asserts that it affects a substantial right.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An interlocutory judgment is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citing *Johnson v. Roberson*, 171 N.C. 194, 195–96, 88 S.E. 231, 231–32 (1916)). "[I]mmediate appeal is available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (internal quotation marks and citations omitted). "[T]he denial of a motion to amend the answer to allege a compulsory counterclaim affects a substantial right and is immediately appealable." *Hudspeth v. Bunzey*, 35 N.C. App. 231, 234, 241 S.E.2d 119, 121 (1978).

---

[1] On the same day, Defendant filed a PWC with the trial court that he did not file with the Clerk of the Court of Appeals. Defendant's failure to file his petition with this Court renders his PWC a legal nullity. *See* N.C. R. App. P. 21(b) (2025).

A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . . ," N.C. Gen. Stat. § 1A-1, Rule 13(a) (2025), and "must be raised in responsive pleadings[,]" *Jonesboro United Methodist Church v. Mullins-Sherman Architects, L.L.P.*, 359 N.C. 593, 596, 614 S.E.2d 268, 270 (2005).

Here, because Defendant's revised counterclaims arise from the same transaction, the counterclaims are compulsory. *See* N.C. Gen. Stat. § 1A-1, Rule 13(a). Thus, the trial court's denial of Defendant's motion to amend to include a compulsory counterclaim makes the matter immediately appealable. *See Hudspeth*, 35 N.C. App. at 234, 241 S.E.2d at 121. Accordingly, we have jurisdiction to review Defendant's appeal. *See Sharpe*, 351 N.C. at 162, 522 S.E.2d at 579.

### III. Issue

The issue on appeal is whether the trial court abused its discretion in denying Defendant's motion to amend his answer without making the required findings.

### IV. Analysis

Defendant argues that the trial court abused its discretion by denying his motion to amend his answer and failing to make the required findings. We disagree.

"[A] motion under Rule 15(a) for leave of court to amend a pleading is addressed to the sound discretion of the trial judge and the denial of such a motion is not reviewable absent a clear showing of an abuse of discretion." *Carolina Garage, Inc. v. Holston*, 40 N.C. App. 400, 403, 253 S.E.2d 7, 9 (1979) (citations omitted).

Abuse of discretion occurs when the trial court's decision is "manifestly unsupported by reason" or "so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citation omitted). "A trial court abuses its discretion only where no reason for the ruling is apparent from the record." *JPMorgan Chase Bank, N.A. v. Browning*, 230 N.C. App. 537, 544, 750 S.E.2d 555, 561 (2013) (citing *Ledford v. Ledford*, 49 N.C. App. 226, 233–34, 271 S.E.2d 393, 398–99 (1980)).

After a responsive pleading is served, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2025). "A motion to amend may be denied for '(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments.'" *JPMorgan Chase Bank, N.A.*, 230 N.C. App. at 544, 750 S.E.2d at 561 (quoting *Strickland v. Lawrence*, 176 N.C. App. 656, 666–67, 627 S.E.2d 301, 308 (2006)). "[A] trial court is not required to state specific reasons for denial of a motion to amend . . . ." *Chicopee, Inc. v. Sims Metal Works, Inc.*, 98 N.C. App. 423, 430, 391 S.E.2d 211, 216 (1990) (citing *Martin v. Hare*, 78 N.C. App. 358, 360–61, 337 S.E.2d 632, 634 (1985)).

Here, the trial court's bases for denying Defendant's motion include undue delay and futility, which are apparent from the record. *See JPMorgan Chase Bank, N.A.*, 230 N.C. App. at 544–45, 750 S.E.2d at 561. Concerning undue delay, the trial

court stated, "This case is over a year old . . . and it's just being drug out . . . . It does look like there is not anything new to explore . . . . Your case needs to get heard. There's nothing new that you couldn't have filed at the original time of the file." Indeed, Defendant could have accessed his statements and cardmember agreement on his own account and should have known his counterclaims existed at the time of his initial answer.

Moreover, Defendant's motion to amend was futile because the new counterclaims were similar to causes of action that the trial court had already dismissed. *See JPMorgan Chase Bank, N.A.*, 230 N.C. App. at 544–45, 750 S.E.2d at 561. Accordingly, the trial court did not abuse its discretion in denying Defendant's motion to amend his answer. *See Carolina Garage, Inc.*, 40 N.C. App. at 404, 253 S.E.2d at 9–10.

## V. Conclusion

Because Defendant's motion to amend was properly denied for undue delay and futility of amendment, the trial court did not abuse its discretion in denying Defendant's motion to amend his answer.

AFFIRMED.

Panel consisting of Judges COLLINS, CARPENTER, and FLOOD.

Report per Rule 30(e).